FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 06 2020 ★
BROOKLYN OFFICE



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-                                              ORDER

                                                       02-CR-307-8 (NGG)
ROBERT LINO,

                         Defendant.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Currently pending before the court is Defendant Robert Lino's Motion to Correct Written Judgment of Conviction to Conform to the Oral Pronouncement of Sentence (Motion to Correct Written J. ("Mot.") (Dkt. 1082)) and Motion to Expedite Ruling on the Motion to Correct (Mot. to Expedite (Dkt. 1085)). For the reasons explained below, Defendant's motion to correct the written judgment is DENIED and his motion to expedite is DENIED as moot.

I.      BACKGROUND

        A.      Factual Background

In 2001, Defendant pleaded guilty in a separate case in the Southern District of New York (S.D.N.Y.) to one count of racketeering and one count of racketeering conspiracy. See Judgement, United States v. Lino, No. 00-CR-632 (WHP) (S.D.N.Y. July 23, 2001); (see also Mot. at 2). District Judge William Pauley sentenced Defendant to 83 months imprisonment and three years of supervised release. Id. On October 1, 2001, Defendant began serving this sentence. Id.

On March 18, 2004, Defendant pleaded guilty in the instant case to one count of racketeering conspiracy. (Mar. 18, 2004 Min. Entry.) On November 12, 2004, the court

sentenced Defendant to 324 months of imprisonment to be followed by 5 years of supervised release. (Nov. 12, 2004 Min. Entry; see also Judgment (Dkt. 856).)

During Mr. Lino's sentencing hearing, his attorney argued that Mr. Lino's sentence should run concurrently with the "undischarged term of imprisonment Mr. Lino [was] serving." (Sentencing Tr. (Dkt. 1082-1) at 22:7.) Mr. Lino's counsel reasoned that the prior conviction in the Southern District was "for the same enterprise" and "include[d] the same type of charge, racketeering conspiracy." (Id. at 22:8-9.) After citing cases in support of his argument, Mr. Lino's counsel concluded by requesting that "Mr. Lino receive 27 years concurrent with the conviction of the Southern District case and commence serving his time in . . . October of 2001." (Id. at 23:7-11.)

In response, the court stated "[w]ith respect to whether the Court is obligated to sentence concurrently or consecutively, I don't necessarily agree with your legal analysis and conclusions." (Id. at 23:13-16.) The court further reasoned that the crimes underlying the prior conviction in the Southern District were "substantially different" from those at issue in this case because "[s]tock fraud, even if it is part of a racketeering conspiracy, and murder and murder conspiracy are . . . extremely different." (Id. at 23:19-22.)

After providing Mr. Lino an opportunity to speak on his own behalf, the court sentenced him: "I'm going to sentence you as follows: 324 months in the custody of the Attorney General concurrent with the undischarged 83-month term of imprisonment imposed in the Southern District of New York on July 20th, 2001." (Id. at 25:7-10.)

On November 29, 2004, the court signed the written judgment. (Judgment at 1.) The judgment states that "defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of THREE-HUNDRED AND TWENTY-FOUR

(324) MONTHS ON COUNT ONE (1) OF THE SUPERSEDING INDICTMENT CR-02-307 (S-20) WHICH SHALL RUN CONCURRENTLY WITH THE UNDISCHARGED TERM OF IMPRISONMENT IMPOSED IN THE SOUTHERN DISTRICT OF NEW YORK." (Id. at 2.)

### B. Procedural history

Mr. Lino filed his pro se motion to correct the written judgment on January 14, 2019. (Mot.) On March 20, 2019, he filed a supplement to and request for an expedited ruling on his motion. (Suppl. Mot. and Request for Expedited Ruling (Dkt. 1084).) On June 25, 2019, Mr. Lino filed a Motion to Expedite. (Mot. to Expedite.) The Government responded on July 22, 2019. (Resp. in Opp'n to Mot. to Correct Written J. ("Resp.") (Dkt. 1088).) Mr. Lino replied on August 9, 2019. (Reply (Dkt. 1091).)

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order or other part of the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 is a "limited avenue for correction of a judgment." United States v. DeMartino, 112 F.3d 75, 79 (2d. Cir 1997). A court has authority under Rule 36 "to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing." United States v. Werber, 51 F.3d 342, 343 (2d Cir. 1995); see also United States v. Burd, 86 F.3d 285, 288 (2d Cir. 1996) ("[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk . . . might commit, mechanical in nature." (citation omitted)).

Even when there are "indications in the transcript of the original sentencing hearing that the district court may have <u>intended</u>" for the ultimate judgment to differ from the oral sentence,

3

Rule 36 cannot be invoked to remedy that error if the "court took no action to effectuate any such intent" at the oral pronouncement of the sentence. Werber, 51 F.3d at 347. Rule 36 only covers "minor, uncontroversial errors" that "appear on the face of the record." Id. It allows a court to "substitute[e] a right number for a wrong number," but not to go so far as to "change[] the internal structure of the sentence." Burd, 86 F.3d at 288.

Other types of sentencing errors must be corrected within a seven-day window pursuant to Rule 34(c). See Werber, 51 F.3d at 343.

## III. DISCUSSION

Here, the oral pronouncement of the sentence and the written judgment are nearly identical. (Compare Sentencing Tr. at 25:7-10 ("324 months in the custody of the Attorney General concurrent with the undischarged 83-month term of imprisonment imposed in the Southern District of New York on July 20th, 2001.") with Judgment at 2 ("The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of THREE-HUNDRED AND TWENTY-FOUR (324) MONTHS ON COUNT ONE (1) OF THE SUPERSEDING INDICTMENT CR-02-307 (S-20) WHICH SHALL RUN CONCURRENTLY WITH THE UNDISCHARGED TERM OF IMPRISONMENT IMPOSED IN THE SOUTHERN DISTRICT OF NEW YORK.").) As an initial matter, then, Mr. Lino's motion to correct fails because there is no error to correct in the written judgment.

Mr. Lino identifies two differences between the written judgment and the oral pronouncement of his sentence: (1) the written judgment does not refer to the October 1, 2001 start date of the Southern District sentence, and (2) the written judgment does not make reference to the length of the Southern District sentence. (Mot. at 5.) However, both the oral sentence and written judgment state that Mr. Lino's sentence was to run concurrently with the undischarged

S.D.N.Y. sentence. Because neither of the omissions identified by Mr. Lino would change the meaning of the written judgment, neither is a "clerical error[] in the transcription of [Mr. Lino's] judgment[]." Werber, 51 F.3d at 343. Even accepting Mr. Lino's argument to the contrary, adding the references to the length and start date of the Southern District sentence would "change[] the internal structure of the sentence" in a manner not permitted by Rule 36. Burd, 86 F.3d at 288.

Mr. Lino relies on the fact that his counsel requested that he "receive 27 years concurrent with conviction of the Southern District case and commence serving his time in . . . October 2001." (Sentencing Tr. at 23:7-11.) This reliance is misplaced. While defense counsel requested that the court backdate Mr. Lino's sentence, the court did not grant that request. Although the oral pronouncement of Mr. Lino's sentence referenced the date the Southern District sentence was imposed, a common-sense reading of the transcript shows that this reference was a descriptive modifier to identify the prior sentence and not, as Mr. Lino argues, an order to backdate his current sentence. (See id.)

Moreover, the weight of authority indicates that the court would not have had the authority to order a sentence to begin prior to the date of its imposition. See United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998) (holding that a "court lack[s] the authority to . . . backdat[e] the commencement of sentence"); see also 18 U.S.C. § 3858(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.").

Finally, even if the court had the power to backdate the commencement of Mr. Lino's sentence and assuming, arguendo, that the court intended to do so, that intent was not made clear

5

in the oral pronouncement of Mr. Lino's sentence (see Sentencing Tr. at 25:7-10), and therefore Rule 36 does not allow the court to "effectuate [that] intent" by altering the written judgment at this time. Werber, 51 F.3d at 347.

## IV. CONCLUSION

For the reasons stated above, the Defendant's (Dkt. 1082) Motion to Correct Judgment is DENIED. Defendant's (Dkt. 1085) Motion to Expedite is DENIED as moot. The Clerk of Court is respectfully DIRECTED to send a copy of this order by certified mail, return receipt requested, and by regular mail with proof of mailing, to pro se Defendant at his address of record.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
January 3, 2020

NICHOLAS G. GARAUFIS
United States District Judge