Case 1:02-cr-00307-NGG   Document 1128   Filed 12/03/21   Page 1 of 6 PageID #: 4562

Clerk's Office
Filed Date: 12/3/21

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

ROBERT LINO,

              Defendant.

MEMORANDUM & ORDER
02-CR-307-8 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Robert Lino's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and for resentencing under 28 U.S.C. § 2255. (Mot. for Release or Resentencing ("Mot.") (Dkt. 1116).) Lino argues that his health conditions, coupled with the COVID-19 pandemic, warrant release or resentencing in light of these changed circumstances. For the reasons explained below, Lino's motion is DENIED.

## I.  BACKGROUND

On March 18, 2004, Robert Lino pleaded guilty to one count of racketeering conspiracy. (Mar. 18, 2004 Min. Entry.) On November 12, 2004, the court sentenced him to 324 months of imprisonment to be followed by five years of supervised release, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Lino is 55 years old. He is incarcerated at FCI Butner Low. In June 2019, he was diagnosed with stage-4 nasopharyngeal cancer, which was treated successfully after 40 rounds of chemotherapy. In February 2020, he had a thyroid lobectomy, after a biopsy sample revealed a Hurthle Cell neoplasm. His cancer is in remission, but he suffers several health issues from the effects of chemotherapy. On April 10, 2021, Lino received his second dose of the COVID-19 vaccine produced by Pfizer. (Immunization Rep. (Dkt. 1119-3).)

On January 15, 2021, Lino submitted a Reduction in Sentence request to the Bureau of Prisons ("BOP"), which the Warden at Butner denied on January 27. (Reduction in Sent. Request (Dkt. 1119-2).) On June 1, 2021, Lino filed this motion, arguing that his health conditions and the COVID-19 pandemic warrant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) or resentencing under 28 U.S.C. § 2255. (Mot. at 1, 4, and 10.) The Government opposes that motion. (Gov't Ltr. in Opp. (Dkt. 1119).)

## II. LEGAL STANDARD

The compassionate release provision, 18 U.S.C. § 3582(c)(1)(A), permits a defendant to bring a motion for a reduction in sentence, including release from prison, after satisfying a statutory exhaustion requirement not at issue here. *See United States v. Jones*, 17 F.4th 371, 371 (2d Cir. 2021).[1] Before reducing the defendant's term of imprisonment, the court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Even if "extraordinary and compelling" circumstances exist, a district court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable" before granting a sentence reduction. *Id.* § 3582(c)(1)(A). "Thus, extraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." *Jones*, 17 F.4th at 371.

In reviewing compassionate release motions, district courts are "free[] . . . to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them"

---

[1] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

and are not bound by Sentencing Guideline § 1B1.13 or its application notes.[2] *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). The defendant bears the burden of demonstrating his eligibility for compassionate release. *See United States v. Antney*, No. 17-cr-229 (CBA), 2021 WL 4502478, at *1-2 (E.D.N.Y. Sept. 30, 2021) (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)).

### III. DISCUSSION

This court has previously acknowledged the dire effects of COVID-19 on prison populations. *See United States v. Guerra*, No. 10-cr-147 (NGG), 2020 WL 6700084, at *2 (E.D.N.Y. Nov. 13, 2020) (collecting cases). "Still, the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." *Id.* (citing *United States v. Nwankwo*, No. 12-cr-31 (VM), 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020)).

Here, Lino was diagnosed with stage-4 nasopharyngeal cancer in May 2019. And after 40 rounds of chemotherapy, which ended in October 2019, his cancer went into remission. Five months later, he had a thyroid lobectomy to remove his right thyroid nodule. Though his cancer remains in remission, Lino suffers from

---

[2] The Sentencing Commission idenitifes an "extraordinary and compelling" circumstance when, *inter alia*, the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13(1)(A) & Application Note 1(A); *see also United States v. Hernandez,* No. 00-cr-1078 (NGG), 2021 WL 3424729, at *2 (E.D.N.Y. Aug. 5, 2021) (noting that the Sentencing Commission's policy statement may still provide relevant guidance to analyze what constitutes an "extraordinary and compelling" circumstance).

several health issues caused by his chemotherapy. (Mot. at 4-5.) In particular, he notes that his salivary glands produce little to no saliva, making chewing and swallowing his food a daily challenge. (*Id.* at 5.)

Current CDC guidance states that, "based on available studies, having a history of cancer may increase your risk" of severe illness from COVID-19.[3] Standing alone, though, Lino's history of cancer, combined with the doubtless uncomfortable aftereffects of chemotherapy, do not rise to an "extraordinary and compelling" reason to warrant a reduction in sentence in this case. *See United States v. Parrello*, No. 16-cr-522 (RJS), 2021 WL 242426, at *2-3 (S.D.N.Y. Jan. 25, 2021). He is 55 years old, outside of the additional age-based risk category for complications from coronavirus; he is vaccinated against COVID-19; his medical records show that he has received adequate medical care and that he performs all day-to-day activities independently.

Compassionate release motions often place the judiciary in the somewhat uncomfortable position of scrutinizing medical records, particularly in the context of COVID-19. Lino's records over a two-year period run over 650 pages. But Lino's records also tell a plainly different story than the one described in his motion. In a February 2020 visit (after his chemotherapy but before his thyroid lobectomy), the anesthesiologist's record notes that he runs for about 30-35 minutes, three times a week. (Medical Records II (Dkt. 1119-5) at ECF p. 322.) In July, November, and December 2020, as well as February 2021, his record indicates that he tolerates eating and swallowing some solid foods. (Medical Records I (Dkt. 1119-4) at ECF pp. 126, 133, 140, 145.) In June 2020, his record notes that he is "able to ambulate as usual [and] complete all [activities of daily living] independently." (*Id.* at ECF

---

[3] *People with Certain Medical Conditions,* COVID-19, CDC (updated Oct. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#cancer.

4

p. 51.) In October 2020, he was prescribed medication to treat mouth dryness, which, as of May 2021, his record describes as "stable." (*Id.* at ECF pp. 35, 104.) In February 2021, after his Reduction in Sentence request, a social worker reported that he "does not have a debilitating medical condition and is able to complete activities of daily living independently." (*Id.* at ECF p. 25.) Finally, his records frequently note that he expresses no new pain. (*E.g., id.* at ECF pp. 5, 23, 29, 33, 37, 47, 49, 122.)

Lino has the burden to show extraordinary and compelling circumstances to demonstrate his eligibility for compassionate release. *See Antney*, 2021 WL 4502478, at *1-2 (citing *Butler*, 970 F.2d at 1026). But he provides no evidence to contradict this record of independent daily activity. Nor does he show that his circumstances render him incapable of returning to organized crime activities. Accordingly, because his current circumstances fail to show extraordinary and compelling reasons to warrant release, Lino's compassionate release motion is denied.

The Second Circuit has noted that analysis of the § 3553(a) factors aids its review on appeal, "particularly in those cases where it is a close call whether extraordinary and compelling circumstances exist." *Jones*, 17 F.4th at 371. Here, the § 3553(a) factors weigh against Lino's motion to reduce his sentence.

Lino served as a member, and later, a captain in the violent Bonanno organized crime family for years. (Presentence Investigation Report (Dkt. 1119-1) ¶¶ 6, 9, 12-43, 60.) He pleaded guilty, *inter alia*, to a racketeering predicate offense of murder and conspiracy to commit murder in aid of racketeering. (*Id.* ¶ 1.) He murdered Louis Tuzzio, and he participated in the murder of Robert Perrino, (*id.* ¶¶ 30-33), "two extremely wanton, gruesome, and premeditated murders," (Sent. Tr. (Dkt. 1119-6) at 11). As a result, the court imposed a sentence of imprisonment of 324 months pursuant to Rule 11(c)(1)(C). This was the low-end of the stipulated guidelines range of 324 to 405 months. (*Id.*

at 17, 21.) These reasons counsel against a reduction in sentence based on Lino's circumstances at this time.

As noted, Lino has also moved for resentencing under § 2255 in light of new evidence or changed circumstances. He argues the pandemic and his health issues represent new, extreme circumstances, unknown at the time of sentencing, that warrant his resentencing. (*See* Mot. at 5-7.) He also raises a claim under the Eighth Amendment, based ostensibly on the deprivation of prescribed medication. (*See id.* at 10.) However, it's not clear what medication he refers to, and his medical records belie any such argument—Lino has received continuous, adequate care. Both arguments are without merit and therefore denied.

### IV. CONCLUSION

Based on this record, Robert Lino's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and for resentencing under 28 U.S.C. § 2255 is DENIED. Because Lino has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c).

SO ORDERED.

Dated:   Brooklyn, New York
         December 3, 2021

                                                 /s/ Nicholas G. Garaufis
                                                NICHOLAS G. GARAUFIS
                                                United States District Judge